IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Fernando Martinez<br><br>Petitioner,<br><br>v.<br><br>Scotty Bodiford,<br><br>Respondent. | Civil Case No. 1:26-cv-00966-JD<br><br>ORDER AND OPINION |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Shiva V. Hodges, issued under 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.). (DE 7.) The Report recommends summarily dismissing Petitioner Fernando Martinez's ("Petitioner") petition for a writ of habeas corpus under 28 U.S.C. § 2241 (the "Petition") because the abstention principles of *Younger v. Harris*, 401 U.S. 37 (1971), preclude federal interference with his pending state criminal proceedings.

Petitioner timely filed objections. (DE 9.) No response to the objections appears on the docket. For the reasons below, the Court overrules Petitioner's objections, adopts the Report as supplemented by this Order, dismisses the Petition without prejudice, and denies a certificate of appealability.

## A. Background

Petitioner is a pretrial detainee at the Greenville County Detention Center. According to the Petition and the state-court information reviewed in the Report, Petitioner was arrested on February 5, 2025, on pending South Carolina charges for domestic violence of a high and aggravated nature, first-degree domestic violence,

and kidnapping. (DE 1; DE 7 at 1–2.) Petitioner alleges that the arresting deputies were masked, were not wearing uniforms, and arrived in unmarked vehicles. He further alleges that a grand jury has not indicted him, he has not been provided a bond, and he is subject to an immigration detainer. (DE 7 at 1.)

Petitioner filed this § 2241 action on March 6, 2026. (DE 1.) The Magistrate Judge entered the Report on March 9, 2026, and Petitioner filed timely objections on March 23, 2026. (DE 7; DE 9.) The matter is ripe for disposition.

**B. Report and Objection**

The Report concludes that the Petition is subject to summary dismissal under *Younger* because Petitioner is detained on pending state criminal charges, South Carolina has a powerful interest in administering its criminal justice system without federal interference, and Petitioner may raise his constitutional challenges in the state proceedings. (DE 7 at 3–5.) The Report also distinguishes *Urquilla-Ramos v. Trump*, 821 F. Supp. 3d 603, 611–13 (S.D.W. Va. 2026), which Petitioner relied on. *Urquilla-Ramos* involved civil immigration detention by federal officers; Petitioner here is detained on state criminal charges. (DE 7 at 5 n.3.)

Liberally construed, Petitioner's objections raise two main grounds. First, he invokes *Dombrowski v. Pfister*, 380 U.S. 479 (1965), and contends that his prosecution falls within *Younger*'s bad-faith or extraordinary-circumstances exception. Second, he contends that the state proceedings do not provide an adequate forum because Greenville County allegedly follows unauthorized local procedures, because he has remained detained for more than one year without indictment, and because he believes *State v. Langford*, 400 S.C. 421, 735 S.E.2d 471 (2012), requires dismissal.

(DE 9 at 1.) The second page of his objections also directs the Court to social-media videos that he says depict criminal misconduct by various Thirteenth Judicial Circuit personnel and cites 18 U.S.C. § 1962. (DE 9 at 2.)

**C. Standard of Review**

A magistrate judge's recommendation carries no presumptive weight, and responsibility for the final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must make a de novo determination of any portion of a Report to which a party makes a specific written objection and may "accept, reject, or modify" the recommended disposition. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

An objection is sufficiently specific when it "reasonably . . . alert[s] the district court of the true ground for the objection." *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). An objection need not present a novel argument; even a restatement of a claim may require de novo review when it clearly identifies the ground of disagreement. *Id.* at 460–61 (discussing *Martin v. Duffy*, 858 F.3d 239, 245–46 (4th Cir. 2017)). Where no specific objection is made, the Court need only "satisfy itself that there is no clear error on the face of the record." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Because Petitioner proceeds *pro se*, the Court construes his objections liberally. Although portions of the filing are difficult to follow and contain matters not tied to the Petition, the Court reviews de novo the discernible objections to the Report's *Younger* analysis.

## C. Discussion

### 1. *Younger* Applies to the Pending State Criminal Proceedings

As the Report explains, pretrial habeas petitions are brought under 28 U.S.C. § 2241, which applies before final judgment. *See United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)). That threshold availability does not make § 2241 a substitute federal pretrial forum for constitutional defenses that can be adjudicated in a pending state prosecution. *See Dickerson*, 816 F.2d at 225–29. Federal interference with an ongoing state criminal matter is reserved for "the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996) (en banc).

Because Petitioner asks this Court to interfere with an ongoing state criminal prosecution, the case falls squarely within the first category of proceedings to which *Younger* applies. *See Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72–73, 78 (2013). The Report then correctly applied the familiar *Younger* considerations: whether there is an ongoing state judicial proceeding, whether that proceeding implicates important state interests, and whether the state proceeding provides an adequate opportunity to raise federal challenges. *See Martin Marietta Corp. v. Md. Comm'n on Hum. Rels.*, 38 F.3d 1392, 1396 (4th Cir. 1994). Each consideration favors abstention here. The Petition itself alleges ongoing state detention on pending criminal charges, and Petitioner's objections do not contend that the charges have been terminated. (DE 7 at 1–2; DE 9 at 1.) South Carolina's interest in administering its criminal justice system "free from federal interference" is among the strongest interests supporting equitable restraint. *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). And, absent

extraordinary circumstances, a pending state prosecution affords an accused "a fair and sufficient opportunity for vindication of federal constitutional rights." *Gilliam*, 75 F.3d at 904 (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)).

The state forum is not inadequate merely because Petitioner advances substantial constitutional objections to the prosecution. The relevant inquiry is whether the pending state proceeding affords an avenue to present the federal issues. *See Trainor v. Hernandez*, 431 U.S. 434, 440–42 (1977). Petitioner may present his contentions about the absence of an indictment, the duration of his detention, the validity of local court procedures, the circumstances of his arrest, and his lack of bond to the state trial court and through whatever state review is available. He identifies no state rule that forecloses presentation of those federal issues. *Younger* therefore requires the federal court to permit the state process to address them in the first instance.

**2. Petitioner's Facts Do Not Show a *Dombrowski* Exception**

Petitioner's principal objection is that *Dombrowski* creates an exception to *Younger* because, in his view, the state prosecution was brought in bad faith. (DE 9 at 1.) The objection identifies a recognized exception, but the facts alleged do not bring this case within it.

*Younger* itself explains the limited reach of *Dombrowski*. There, the plaintiffs alleged that officials threatened prosecutions with no expectation of obtaining valid convictions and instead used arrests, seizures, and repeated threats of prosecution as part of a plan to harass civil-rights advocates and chill protected activity. *See Younger*, 401 U.S. at 47–50 (discussing *Dombrowski*, 380 U.S. at 482, 485–86). Those

allegations went well beyond the ordinary burdens of defending a single criminal prosecution. *Id.* at 48–49. *Younger* cautioned, however, that *Dombrowski* did not broadly authorize federal courts to halt pending state prosecutions whenever a defendant alleges constitutional error. *Id.* at 50–54.

*Kugler* supplies the same limitation. Federal intervention may be appropriate upon a showing of prosecutorial bad faith or harassment, a state law that is "flagrantly and patently violative of express constitutional prohibitions," or another extraordinary circumstance producing the necessary immediate and irreparable injury. *Kugler*, 421 U.S. at 124–25 (quoting *Younger*, 401 U.S. at 53). "Bad faith" in this setting generally means that a prosecution was brought "without a reasonable expectation of obtaining a valid conviction." *Id.* at 126 n.6. And an extraordinary circumstance must create an "extraordinarily pressing need for immediate federal equitable relief," not merely present a highly unusual factual situation. *Id.* at 125. *Cameron v. Johnson*, 390 U.S. 611, 619–22 (1968), reinforces the distinction: the question is not whether the prosecution will ultimately succeed, but whether officials are proceeding with no expectation of conviction and only to harass or suppress protected activity.

Petitioner's objections do not make that showing. He labels the prosecution bad faith, but he does not allege facts showing that the officials responsible for his charges lack a reasonable expectation of obtaining a valid conviction, that they have subjected him to repeated prosecutions for purposes of harassment, or that the prosecution is being maintained to suppress protected expression in the manner described in *Dombrowski*. His allegations concerning delay and the absence of an indictment may

present issues for the state court, but they do not themselves establish prosecutorial bad faith under *Kugler*. Likewise, even accepting Petitioner's description of the social-media videos, the objections do not connect the alleged conduct depicted there to the decision to initiate or maintain the charges against him. (DE 9 at 2.) His citation to 18 U.S.C. § 1962 does not supply that missing nexus.

The contrast with *Gilliam* underscores the point. There, a second state trial would itself inflict the constitutional injury protected against by the Double Jeopardy Clause, creating a rare form of irreparable harm that could not be repaired after trial. *Gilliam*, 75 F.3d at 904. Nothing comparable is alleged here. The ordinary burdens of defending a prosecution—even serious ones—are not the irreparable injury necessary to displace *Younger*. *Kugler*, 421 U.S. at 124. The Court, therefore, overrules Petitioner's objection based on *Dombrowski*.

**3. The Local-Rules Order and *Langford* Do Not Eliminate an Adequate State Forum**

Petitioner next relies on a February 13, 2026, administrative order of the Supreme Court of South Carolina concerning local rules in circuit and family courts. (DE 9 at 1.) Petitioner appears to refer to *Re: Local Rules in Circuit and Family Courts*, Appellate Case No. 2026-000323 (S.C. Feb. 13, 2026) (order). That order reaffirmed the South Carolina Supreme Court's authority over statewide rules of administration, practice, and procedure; approved several identified local measures, including a Thirteenth Judicial Circuit memorandum for Common Pleas cases; and struck other unapproved local rules. Even accepting Petitioner's premise that an unapproved local rule would be invalid, he does not identify a specific unauthorized rule applicable to his criminal proceedings or explain how any such rule prevents him

from raising his federal claims. The approved Thirteenth Judicial Circuit measure identified in the order concerns Common Pleas cases, not criminal prosecutions. Nothing in the order adjudicates his charges or shows that the South Carolina courts are unavailable to hear his federal claims.

Petitioner's reliance on *State v. Langford* is likewise misplaced. He contends that *Langford* requires dismissal whenever a defendant has not been indicted within one year. (DE 9 at 1.) It does not. *Barker v. Wingo*, 407 U.S. 514, 523, 530–33 (1972), expressly rejected a fixed-time constitutional rule and instead adopted an ad hoc balancing test that considers the length of delay, the reason for delay, the defendant's assertion of the right, and prejudice. Applying that framework, *Langford* treated a twenty-three-month arrest-to-trial period—including an initial twenty-month delay before indictment—as presumptively prejudicial but nevertheless affirmed the rejection of the speedy-trial claim after weighing the remaining factors. *Langford*, 400 S.C. at 441–46, 735 S.E.2d at 481–84. *Langford* therefore does not support the bright-line one-year dismissal rule Petitioner attributes to it.

More fundamentally, even a potentially substantial speedy-trial or delay-related due-process claim ordinarily must be presented first through the state criminal process. *Dickerson* is particularly instructive because the petitioner there also sought federal pretrial habeas relief at a time when no formal indictment had been filed. *See Dickerson*, 816 F.2d at 228 & n.5. *Dickerson* distinguished a petitioner who seeks to compel the State to provide a prompt trial from one who seeks to derail the prosecution by obtaining dismissal. *Id.* at 226–27. The latter objective is ordinarily unavailable through pretrial federal habeas absent special circumstances,

and federal habeas should not become a "pre-trial motion forum for state prisoners." *Id.* at 229. Petitioner's assertion that the absence of an indictment requires this Court to terminate the state prosecution seeks precisely the sort of pretrial merits intervention those principles foreclose.

The Court does not minimize Petitioner's allegation that he has remained detained for an extended period without indictment. The issue here is forum and timing, not the ultimate merits of any speedy-trial, due-process, bond, indictment, or state-procedure argument. Petitioner may present those arguments to the South Carolina courts. At this stage, the alleged delay does not show that those courts cannot fairly adjudicate his federal claims or that an extraordinarily pressing need for immediate federal intervention exists.

**E. Certificate of Appealability**

Because Petitioner's detention arises out of state-court process, he may not appeal the final order in this habeas proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). When a habeas petition is dismissed on procedural grounds, a certificate of appealability should issue only if the petitioner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner has not made that showing. Accordingly, a certificate of appealability is denied.

### F. Conclusion

Having reviewed de novo the portions of the Report challenged by Petitioner and the remainder for clear error, the Court agrees with the Magistrate Judge that federal intervention is unwarranted. Petitioner is detained on pending state criminal charges; South Carolina has an important interest in administering those proceedings; the state courts provide an adequate forum for the federal issues he identifies; and the objections do not show bad faith, harassment, or another extraordinary circumstance sufficient to overcome *Younger*. The Court, therefore, overrules the objections and adopts the Report as supplemented by this Order. The Petition is dismissed without prejudice, and the Court expresses no view on the merits of the pending state charges or any constitutional defense Petitioner may present in state court. For the foregoing reasons, it is ORDERED that:

1. Petitioner's objections to the Report and Recommendation (DE 9) are OVERRULED;
2. the Report and Recommendation (DE 7) is ADOPTED AS SUPPLEMENTED by this Order;
3. Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (DE 1) is DISMISSED WITHOUT PREJUDICE;
4. a certificate of appealability is DENIED; and
5. the Clerk of Court shall enter judgment consistent with this Order and close the case.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Florence South Carolina
October 9, 2026

**NOTICE OF RIGHT TO APPEAL**

A party seeking to appeal must file a notice of appeal with the Clerk of Court within thirty (30) days after entry of the judgment. Fed. R. App. P. 3, 4(a)(1)(A).